**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

Zarifa Isakova; Kobil Yarmuhamedov; Mukhammad Masidikov; Zarrukh Ahmedov, Dilshod Suyarov,

*Plaintiffs*,

v.

Joseph Edlow, Director of United States Citizenship and Immigration Services; Markwayne Mullin, Secretary of Homeland Security,

*Defendants*.

Case No. 26-CV-7022

**COMPLAINT FOR WRIT OF MANDAMUS AND FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs **Zarifa Isakova** ("Plaintiff Isakova"), **Kobil Yarmuhamedov** ("Plaintiff Yarmuhamedov"), **Mukhammad Masidikov** ("Plaintiff Masidikov"), **Zarrukh Ahmedov** ("Plaintiff Ahmedov"), and **Dilshod Suyarov** ("Plaintiff Dilshod Suyarov") (collectively "Plaintiffs"), by and through the undersigned counsel, respectfully bring this Complaint for Writ of Mandamus and for Declaratory and Injunctive Relief to compel Defendants, Joseph B. Edlow ("Defendant Edlow") and Markwayne Mullin ("Defendant Mullin"), (collectively "Defendants"), and those acting under them, to adjudicate each Form I-765, Application for Employment Authorization ("I-765 Application"), filed by Plaintiffs.

## INTRODUCTION

1. Plaintiffs are all citizens of post-Soviet countries who filed application entitling them to work authorizations through Form I-765, Application for Employment Authorization ("I-765 Application").

2. Plaintiff Isakova is entitled to work authorization under category C31. Plaintiff Isakova has deferred action due to an approved Form I-360 VAWA (Violence Against Women Act) self-petition,

entitling her to work authorization. Her Form I-360 VAWA self-petition has been approved since **February 17, 2023**. The Form I-765 Application has been pending since **April 29, 2026.**

3. Plaintiff Yarmuhamedov has a pending Form I-589 Application for Asylum and for Withholding of Removal, which has been pending since **April 16, 2020**. The Form I-765 Application has been pending since **August 10, 2023**.

4. Plaintiff Masidikov also has a pending Form I-589 Application, which has been pending since **October 30, 2023**. The Form I-765 Application has been pending since **July 03, 2024**.

5. Plaintiff Ahmedov also has a pending Form I-589 Application, which has been pending since **October 30, 2024**. The Form I-765 Application has been pending since **April 07, 2025**.

6. Plaintiff Suyarov also has a pending Form I-589 Application. The Form I-765 Application has been pending since **February 24, 2025** (I-765 Receipt Number: IOE9714384221).

7. All Plaintiffs have filed applications that render them eligible to apply for work authorization, yet they have not received their Form I-765 approvals.

8. Despite the adjudicative timeframe for Form I-765 Applications being thirty (30) days, all Plaintiffs have applications that have remained indefinitely pending. Despite multiple inquiries filed by Plaintiffs regarding the status of their I-765 Applications, Defendants have thus far failed to act and/or issue decisions on the pending I-765 Applications.

9. Plaintiffs are entitled to decisions on their pending applications. The undue delay and improper withholding of statutorily mandated adjudications of pending applications presents an ongoing violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 555 et seq. and § 701 et seq.; and the Immigration and Nationality Act ("INA"), INA § 245(a) (8 U.S.C. § 1255(a)); 8 C.F.R. § 245.1(a).

10. The I-765 Applications remain within the jurisdiction of Defendants, who have improperly withheld action on them, to the extreme detriment of the rights and privileges of Plaintiffs.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to the following provisions: 28 U.S.C. § 1331 (because questions of federal law are present); 28 U.S.C. § 1361 (Mandamus Act); 5 U.S.C. § 701 et seq. (Administrative Procedure Act ("APA")), and 28 U.S.C. § 2201 (Declaratory Judgment Act ("DJA")). Plaintiffs have exhausted all administrative remedies.

12. There are no administrative remedies available to Plaintiffs to redress their grievances described in this Writ and Complaint. This action challenges Defendants' procedural policies, practices, interpretations of law and their actions or failures to act, not the discretionary granting or denial of individual petitions or applications. Therefore, the jurisdictional limitations under 5 U.S.C. § 701(a)(2) and 8 U.S.C. § 1252 do not apply.

13. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(e)(1) on the following grounds: this is a civil action in which (1) Defendants are officers or employees of the United States or any agency thereof acting in their official capacity under color of legal authority, or one or more agencies of the United States, (2) at least one Plaintiff, Plaintiff Yarmuhamedov, resides within this judicial district (Queens County, New York), which is part of the Eastern District of New York; (3) there is no real property is involved in the action; and (4) a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. *See* 28 U.S.C. § 1391(e)(1)(B),(C).

## PARTIES

14. Plaintiff Isakova is a citizen of Uzbekistan. She is entitled to work authorization through her Form I-360 VAWA (Violence Against Women Act) self-petition, entitling her to work

authorization. Her Form I-360 VAWA self-petition has been approved since February 17, 2023. The Form I-765 Application has been pending since April 29, 2026. She resides in Aurora, IL.

15. Plaintiff Yarmuhamedov is a citizen of Uzbekistan. He has a pending Form I-589 Application for Asylum and for Withholding of Removal, which has been pending since April 16, 2020. The Form I-765 Application has been pending since August 10, 2023. He resides in Forest Hills, NY.

16. Plaintiff Masidikov is a citizen of Uzbekistan. He also has a pending Form I-589, Application for Asylum and for Withholding of Removal, which has been pending since October 30, 2023. The Form I-765 Application has been pending since July 03, 2024. He resides in Philadelphia, PA.

17. Plaintiff Ahmedov is a citizen of Uzbekistan. He also has a pending Form I-589, Application for Asylum and for Withholding of Removal, which has been pending since October 30, 2024. The Form I-765 Application has been pending since April 07, 2025. He resides in Philadelphia, PA.

18. Plaintiff Suyarov is a citizen of Uzbekistan. He also has a pending Form I-589, Application for Asylum and for Withholding of Removal. The Form I-765 Application has been pending since February 24, 2025 (I-765 Receipt Number: IOE9714384221). He resides in Chicago, IL.

19. Defendant Joseph Edlow is the Director of United States Citizenship and Immigration Services ("USCIS"). USCIS is the component of Department of Homeland Security ("DHS") that is responsible for adjudicating Form I-765 Applications. Defendant Edlow is sued in his official capacity.

20. Defendant Markwayne Mullin is the Secretary of Homeland Security. This suit is brought against Defendant Mullin in his official capacity, as he is charged with overseeing the actions of DHS, including its adjudication of Form I-765 Applications.

## STATEMENT OF FACTS

### A. Facts Common to All Plaintiffs.

21. Plaintiffs are all citizens of post-Soviet nations who have filed applications which entitle them to work authorization while their applications remain pending. Plaintiffs have all applied for Form I-765 Application, all of which are delayed outside of the legally required timeframe.

22. Now, for reasons unknown to Plaintiffs, Defendants have withheld the adjudication of Plaintiffs' I-765 Applications. Delays and refusal to adjudicate application are not uncommon to Plaintiffs and those similarly situated.

### B. Facts Specific to Each Plaintiff.

a. *Plaintiff Isakova.*

23. Plaintiff Isakova is entitled to work authorization through her Form I-765 Application filed under category C31.

24. Plaintiff Isakova is entitled to work authorization through her Form I-360 VAWA (Violence Against Women Act) self-petition, entitling her to work authorization.

25. On or about February 17, 2023, her Form I-360 VAWA self-petition was approved.

26. Her Form I-765 Application has been pending since April 29, 2026.

27. To date, USCIS has failed to adjudicate Plaintiff Isakova's I-765 Application.

b. *Plaintiff Yarmuhamedov.*

28. On or about April 16, 2020, Plaintiff Yarmuhamedov filed a Form I-589 Application for Asylum and for Withholding of Removal, which remains pending.

29. The Form I-765 Application has been pending since August 10, 2023.

30. To date, USCIS has failed to adjudicate Plaintiff Yarmuhamedov's I-765 Application.

c. *Plaintiff Masidikov.*

31. On or about October 30, 2023, Plaintiff Yarmuhamedov filed a Form I-589 Application for Asylum and for Withholding of Removal, which remains pending.

32. The Form I-765 Application has been pending since July 03, 2024.

33. To date, USCIS has failed to adjudicate Plaintiff Masidikov's I-765 Application.

d. *Plaintiff Ahmedov.*

34. On or about October 30, 2024, Plaintiff Ahmedov filed a Form I-589 Application for Asylum and for Withholding of Removal, which remains pending.

35. The Form I-765 Application has been pending since April 07, 2025.

36. To date, USCIS has failed to adjudicate Plaintiff Ahmedov's I-765 Application.

e. *Plaintiff Suyarov.*

37. Plaintiff Suyarov filed a Form I-589 Application for Asylum and for Withholding of Removal, which remains pending.

38. The Form I-765 Application has been pending since February 24, 2025 (I-765 Receipt Number: IOE9714384221).

39. To date, USCIS has failed to adjudicate Plaintiff Suyarov's I-765 Application.

## LEGAL FRAMEWORK

### A. STANDARD FORM I–765 ADJUDICATIVE PROCESS FOR ELIGIBLE APPLICANTS.

40. Certain noncitizens who are in the United States may file Form I-765, Application for Employment Authorization, to request an employment authorization document ("EAD").

41. A noncitizen with a pending qualifying Application may file a Form I-765 application after a specific number of days.

42. Upon filing an I-765 application, USCIS will either approve or deny the petition.

43. If all eligibility requirements are met, USCIS will generally approve.

44. All applicants who file a request for an initial EAD are entitled to have that application processed within 30 days. See *Asylum Works v. Mayorkas*, No. 1:20-cv 03815-BAH, 2022 WL 355213 (D.D.C. Feb. 7, 2022).

## INJURY TO PLAINTIFFS

45. Defendants' failure to adjudicate Plaintiffs' Form I-765 Applications is not a discretionary act, but rather a willful and unlawful omission by USCIS in violation of its duty to timely and fully adjudicate immigration benefits applications.

46. Defendants' inaction and unreasonable delays have caused Plaintiffs severe emotional, financial, and practical hardship.

47. By failing to act, Defendants have effectively deprived Plaintiffs of the ability to make essential personal and family decisions, including those related to employment, housing, and financial stability, without unjustifiable government interference. This constitutes a violation of Plaintiffs' right to procedural due process guaranteed by the Fifth Amendment to the United States Constitution.

48. Plaintiffs will continue to suffer irreparable harm if Defendants are permitted to persist in their dilatory conduct and failure to properly process their Form I-765 Applications.

49. The injuries suffered by Plaintiffs will be redressed if they prevail in this action for a Writ of Mandamus

50. Plaintiffs have exhausted all available administrative remedies to obtain relief and have no other adequate means to compel adjudication of their pending applications.

## COUNT ONE

**Mandamus Act**
**28 U.S.C. § 1361; 28 U.S.C. § 1651**
**(As to all Defendants)**

51. Plaintiffs repeat, re-allege, and incorporate by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

52. Defendants are severally and jointly charged with the mandatory responsibility to administer and implement the Immigration and Nationality Act ("INA").

53. Under 8 U.S.C. § 1571, Congress set out specific timetable of no longer than 120 days after initial filing for the processing of immigration status applications. *See Lidong Liu v. Chertoff*, 2008 WL 11343049, at *6 (W.D. Wash. Apr. 22, 2008) (citing 8 U.S.C. § 1571); *Konchitsky v. Chertoff*, 2007 WL 2070325, at *4 (N.D. Cal. July 31, 2007) (same); *Abbasfar v. Chertoff*, 2007 WL 2409538, at *3 (N.D. Cal. Aug. 21, 2007) (same).

54. Defendants are each severally and jointly responsible for the lawful adjudication of Plaintiffs I-765 Applications.

55. Defendants have willfully and unreasonably delayed and refused to perform their clear, non-discretionary duty of adjudicating Plaintiffs I-765 Applications.

56. Defendants have willfully and unreasonably delayed and refused to perform their clear, non-discretionary duty of adjudicating Plaintiffs I-765 Applications.

57. Plaintiffs have a clear right to have their applications be adjudicated pursuant to the INA and regulations.

58. 28 U.S.C. § 1361 dictates that district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to Plaintiffs.

59. Pursuant to 28 U.S.C. § 1361, Defendants must be compelled to discharge their statutory duties owed to Plaintiffs by rendering a proper and complete decision concerning their Applications in accordance with the evidence in the record such that the decision will be fair and accurate.

**COUNT TWO**

**Administrative Procedure Act**
**5 U.S.C. § 706(1)**
**(Against All Defendants)**

60. Plaintiffs repeat, re-allege, and incorporate by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

61. Defendants' practices, interpretations of law, conduct and failure to act violate the APA as it constitutes agency action "unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1).

62. The APA further requires agencies "to conclude a matter presented to it" "within a reasonable time." 5 U.S.C. § 555(b) ("within a reasonable time, each agency shall proceed to conclude a matter presented to it"); *see also Smith v. Spizzirri*, 601 U.S. 472, 472 (2024) (citations and quotes omitted) ("The statute's use of the word 'shall' creates an obligation impervious to discretion"); *Villa v. DHS*, 607 F. Supp. 2d 359, 365 (N.D.N.Y 2009) (noting that APA § 555(b) requires USCIS to adjudicate applications within a reasonable time).

63. This Court has power under 5 U.S.C. § 706(1) "to compel agency action unlawfully withheld or unreasonably delayed."

64. Defendants are severally and jointly charged with the mandatory responsibility to administer and implement the Immigration and Nationality Act ("INA").

65. Defendants owe a duty to adjudicate all properly filed immigration benefits applications, including Plaintiffs' I-765 applications.

66. Defendants have failed to adjudicate Plaintiffs properly filed I-765 applications in reasonably timely manner.

67. Plaintiffs are entitled to relief pursuant to 5 U.S.C. § 706(1) to "compel agency action unlawfully withheld or unreasonably delayed".

68. Defendants have failed to discharge their duty and properly adjudicate Plaintiffs' I-765 applications in a manner that is in accordance with law.

69. Defendants' failure to act in accordance with governing law has caused Plaintiffs to suffer and they continue to suffer irreparable harm and damages.

70. As a result, Plaintiffs have suffered and continue to suffer irreparable harm and damages, entitling them to declaratory, injunctive, and other relief.

## COUNT THREE

**Declaratory Judgement Act**
**28 U.S.C. § 2201**
**(Against All Defendants)**

71. Plaintiffs repeat, re-allege, and incorporate by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

72. Defendants' failure to render a proper and complete adjudication of Plaintiffs I-765 Applications is a violation of the APA and Congressional mandate under 8 U.S.C. § 1571.

73. As such, Defendants' unreasonable delay of I-765 Applications violates the INA and federal laws and regulations.

74. Accordingly, Plaintiffs seek a declaration to that effect under 28 U.S.C. § 2201 as Defendants have severally and jointly failed to discharge their mandated official duties.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court grants them the following relief:

1. Issue a writ of mandamus requiring Defendants issue a complete and final decision on Plaintiffs' I-765 applications within 30 days;
2. Declare Defendants' delay in adjudicating Plaintiffs' I-765 applications is unlawful and unreasonable under the APA;
3. Order Defendants to issue a final decision a complete and final decision Plaintiffs' I-765 applications within 30 days pursuant to APA 706(1);
4. Mandate that Defendants adjudicate Plaintiffs' I-765 applications in good faith and in accordance with all governing law;
5. If Plaintiffs prevail, they will seek costs under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412. Accordingly, Plaintiffs respectfully request that the Court award reasonable costs and attorneys' fees; including, but not limited to, reasonable costs and attorneys' fees available under the Equal Access to Justice Act; and
6. Grant any other such relief as the Court may deem just and proper.

Dated: October 30, 2026

/s/Eric Hisey
Eric Hisey
**BARRE LAW, LLC**
1441 Broadway, 5th Fl.,
New York, NY 10018
Tel: (646) 894-5900
ehisey@barrelaw.com